**JAMES CALVIN RODGERS FERGUSON**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:17CV-383-JHM**

**LOUISVILLE METRO DEP'T OF CORR.**                                                    **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff filed a *pro se* civil-rights action alleging that he was wrongfully arrested and robbed by the arresting officer (DN 1). Plaintiff did not pay the filing fee for this action, but instead filed a non-prisoner application to proceed without prepayment of fees (application) (DN 3). However, Plaintiff failed to properly complete the application. The application wholly fails to contain sufficient financial information for the Court to make a determination as to whether Plaintiff is entitled to proceed without prepayment of the filing fee. Therefore, on July 17, 2017, the Court entered an Order (DN 4) denying Plaintiff's application to proceed without prepayment of the fees and ordering Plaintiff within 30 days of entry of the Order to either (1) pay the filing fee or (2) file a fully completed application to proceed without prepayment of the filing fee. The Order warned Plaintiff that failure to comply with the Order would result in dismissal of this action. Almost two months have passed since the entry of the Order, and Plaintiff has not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 4) or take any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date: September 22, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant
4414.003